UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELBERT RONDEL GARDNER,<br><br>Plaintiff,<br><br>v.<br><br>JERRY E. BROWN, et al.,<br><br>Defendants. | No. 2:18-cv-0741 MCE DB P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Presently before the court is plaintiff's application to proceed in forma pauperis (ECF No. 2), his complaint for screening (ECF No. 1), a motion to appoint counsel (ECF No. 7), two motions to compel (ECF Nos. 11, 13), a motion to consolidate (ECF No. 14), and a motion to arbitrate (ECF No. 15). For the reasons set forth below the court will grant the motion to proceed in forma pauperis, dismiss the complaint with leave to amend, and deny plaintiff's various other motions as premature.

**IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in

1

accordance with the provisions of 28 U.S.C. § 1915(b)(1).

By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**SCREENING**

**I.     Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic,

550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.     Does Plaintiff State a § 1983 Claim?**

**A. Allegations in the Complaint**

The events giving rise to plaintiff's claim occurred while he was incarcerated at California State Prison, Sacramento ("CSP-SAC"). Plaintiff names as defendants: (1) Governor Brown; (2) Dr. Ma; (3) Medical Records Supervisor M. Hamilton; and (4) Dr. Anitov. (ECF No. 1 at 2.)

////

3

Plaintiff appears to allege his rights have been violated because prison employees fail to answer his appeals. He specifically states Dr. Ma does not allow appeals to be answered. Plaintiff alleges he has filed numerous appeals and they are always rejected or denied. (ECF No. 1 at 5.) He alleges M. Voong, "the chief of appeals process," does not allow plaintiff to exhaust administrative remedies. However, plaintiff states that he exhausted administrative remedies on each of the three claims in the complaint. (ECF No. 1 at 3-5.) He further claims that this has prevented him from receiving adequate medical treatment.

### B. Analysis

#### 1. Due Process

Plaintiff claims defendants have violated his right to due process by rejecting or denying his administrative appeals or grievances. (ECF No. 1 at 5.)

Prisoners do not have an independent constitutional due process entitlement to a specific administrative grievance procedure. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) (holding that there is no protected liberty interest to a grievance procedure). Prison officials are not required under federal law to process inmate grievances in any specific way. Plaintiff's claims that officials denied or refused to process his grievances do not state a cognizable claim for a violation of his due process rights because there is no right to a particular grievance process or response. See, e.g., Towner v. Knowles, No. 2:08-cv-2823 LKK EFB P, 2009 WL 4281999, at *2 (E.D. Cal. Nov. 20, 2009) (plaintiff failed to state claims that would indicate a deprivation of his federal rights after defendant allegedly screened out his inmate appeals without any basis); Williams v. Cate, No. 1:09-cv-0468 OWW YNP PC, 2009 WL 3789597, at *6 (E.D. Cal. Nov. 10, 2009) ("Plaintiff has no protected liberty interest in the vindication of his administrative claims."). Accordingly, to the extent plaintiff's allegations are based upon the way defendants responded to his grievances, it fails to state a claim upon which relief may be granted.

#### 2. Supervisory Liability

Plaintiff states he "cannot understand why the gov[ernor] of California would allow his state employees to violate appeals process . . . ." (ECF No. 1 at 3.) Plaintiff appears to claim that

defendant Governor Brown has violated his rights based solely on his position as governor of California. However, there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 371, 376 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted). Here, plaintiff has not alleged any facts showing that Governor Brown was personally involved in any of the alleged rights violations. Accordingly, plaintiff allegations fail to state a claim against defendant Governor Brown.

Plaintiff also alleges Chief of Appeal Voong has blocked his appeals, although he does not name Voong as a defendant. To the extent plaintiff claims Voong violated his rights, he cannot state a claim under § 1983 solely based on Voong's role as a supervisor. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted) ("There is no respondeat superior liability under section 1983."). If plaintiff wishes to state a claim against Voong he must state facts showing how Voong violated his rights.

### 3. Deliberate Indifference to Serious Medical Needs

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). This requires plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Id. (some internal quotation marks omitted) (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992)).

Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." McGuckin, 974 F.2d at 1059-60. Deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with medical treatment, or may be shown by the way in which prison officials provide medical care. Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988).

Before it can be said that a prisoner's civil rights have been abridged with regard to medical care, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06); see also Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) ("Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights."); McGuckin, 974 F.2d at 1059 (same). Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interest or safety.'" Farmer, 511 U.S. at 835.

Additionally, mere differences of opinion between a prisoner and prison medical staff or between medical professionals as to the proper course of treatment for a medical condition do not give rise to a § 1983 claim. See Toguchi, 391 F.3d at 1058; Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

Plaintiff alleges that defendants' actions in blocking his appeals have prevented him from receiving proper medical treatment. However, plaintiff does not state specific facts showing that an identifiable defendant has failed to provide adequate treatment. Accordingly, plaintiff has failed to state a claim for deliberate indifference in violation of his Eighth Amendment rights. In order to state a claim for deliberate indifference, plaintiff must state facts showing a defendant was aware of plaintiff's serious medical needs and failed to respond to those needs.

Plaintiff names as defendants Medical Records Supervisor M. Hamilton and Dr. Anitov. However, the complaint does not contain any facts stating how Hamilton or Anitov violated plaintiff's rights. To the extent plaintiff claims that Hamilton and Anitov violated his rights by failing to provide adequate medical treatment, plaintiff has failed to state a claim against because he has not alleged any facts showing what actions committed by Hamilton and Anitov violated his rights.

////

////

### III. Amending the Complaint

As set out above, plaintiff fails to state a cognizable claim and he will be given the opportunity to amend the complaint.

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo, 423 U.S. at 370-71. Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's action and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey, 673 F.2d at 268.

Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. If plaintiff wishes to add a claim, he must include it in the body of the complaint. The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed.

R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See <u>Galbraith v. County of Santa Clara</u>, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely, and directly. See <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

Plaintiff is informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, all prior pleadings are superseded. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

**MOTION TO APPOINT COUNSEL**

Plaintiff filed a motion captioned "Motion for appoint of counsel, ex parte," however, he does not explain why the circumstances of this case warrant the appointment of counsel in the body of the motion. (ECF No. 7.)

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in

light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Plaintiff has not yet stated a cognizable claim; therefore, the court cannot make a determination regarding plaintiff's likelihood of success on the merits. Accordingly, the motion to appoint counsel will be denied at this time.

## MISCELLANEOUS MOTIONS

In addition to the complaint, plaintiff has filed several motions (ECF Nos. 11, 13, 14, 15, 18, 19, 20) requesting defendants be compelled to respond to the complaint, requesting discovery, requesting the court consolidate this action with a separate case plaintiff filed in this district, and requesting that the court respond to the compliant. The court will address the outstanding motions below.

### I. Motions to Compel

Plaintiff filed two motions to compel discovery. (ECF Nos. 11, 13.) Because defendants have not yet been ordered to respond to the complaint, the motions to compel discovery are premature and will be denied. In the event plaintiff is able to successfully amend the complaint, a discovery and scheduling order will issue if and when defendants file an answer.

### II. Motion to Consolidate

Plaintiff moved the court to consolidate this action with a separate case plaintiff filed, Gardner v. Brown, No. 17-cv-1921 JAM AC. (ECF No. 14.) Since plaintiff filed the motion that case has been closed and judgment has been entered. Accordingly, the court will deny as moot the motion to consolidate. Plaintiff also appears to request a settlement conference in either this case or the other action he filed in this district. Any requests for settlement are premature because plaintiff has yet to state a cognizable claim in this action.

////

////

9

### III. Motion to Arbitrate

Plaintiff filed a motion tilted "motion for permission to arbitrate." (ECF No. 15.) However, in the body of the motion he appears to reiterate his request that the court relate this case and the other action filed in this district. (ECF No. 15.) The court will deny the motion because the other action plaintiff filed in this district has been dismissed.

### CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 2) is granted;
2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.
3. Plaintiff's complaint is dismissed with leave to amend.
4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint."
5. Plaintiff's motion for the appointment of counsel (ECF No. 7) is denied
6. Plaintiff's motions to compel (ECF Nos. 11, 13) are denied.
7. Plaintiff's motion to consolidate (ECF No. 14) is denied.
8. Plaintiff's motion for permission to arbitrate (ECF No. 15) is denied.
9. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: November 1, 2018

DLB:12

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE