UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELBERT RONDEL GARDNER,<br><br>Plaintiff,<br><br>v.<br><br>JERRY E. BROWN, et al.,<br><br>Defendants. | No. 2:18-cv-0741 MCE DB P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Presently before the court is plaintiff's first amended complaint for screening. (ECF No. 26.) For the reasons set forth below the court will dismiss the complaint with leave to amend.

**SCREENING**

**I.  Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.     Allegations in the First Amended Complaint**

The events giving rise to plaintiff's claim occurred while he was incarcerated at California State Prison, Sacramento ("CSP-SAC"). (ECF No. 26 at 1.) Plaintiff names as defendants: (1) Governor Brown; (2) Dr. Anitov; (3) Dr. Ma; (4) Dr. Mogadamm; (5) M. Voong; and (6) M. Hamilton. (Id. at 2.)

Plaintiff claims he had a blood test that indicated he had a high monocyte level, but Dr. Ma did not pursue any treatment and told plaintiff "it was a Hep-C issue." Plaintiff believes that it is indicative of a more serious health issue. (ECF No. 26 at 3.) Plaintiff appears to claim that Dr. Anitov took a biopsy of a tumor in plaintiff's mouth and did not attempt to diagnose it or see plaintiff for a follow-up appointment. It also seems that plaintiff believes that his symptoms, high monocyte and anemia, are indicative of leukemia or bone cancer, but he is not being treated for those illnesses.

Plaintiff also claims that although he has filed grievances regarding many of his health problems, nothing is ever accomplished because of the appeal process. (ECF No. 26 at 4.) He alleges the facility just opened a new building for medical needs, but it is heavily guarded. He claims that inmates who can afford treatment get medications, the dentists are being taken from the elderly, ADA, and unfunded inmates because of the new facility, new computers, and new equipment.

Plaintiff alleges there is a conspiracy to cover up damages by the department. (ECF No. 26 at 5.) He states he has copies of forgery of legal and medical and appeals. Plaintiff requests

////

that all persons responsible for his failing health, mistreatment, and unaddressed appeals, be held accountable. (ECF No. 26 at 6.)

### III. Does Plaintiff State a Claim under § 1983?

#### A. Deliberate Indifference to Serious Medical Needs

Plaintiff claims defendants have not provided him with proper medical treatment for his various health issues. (ECF No. 26 at 3.)

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). This requires plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Id. (some internal quotation marks omitted) (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992)).

Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." McGuckin, 974 F.2d at 1059-60. Deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with medical treatment, or may be shown by the way in which prison officials provide medical care. Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988).

Before it can be said that a prisoner's civil rights have been abridged with regard to medical care, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06); see also Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) ("Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights."); McGuckin, 974 F.2d at 1059 (same). Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interest or safety.'" Farmer, 511 U.S. at 835.

////

4

Additionally, mere differences of opinion between a prisoner and prison medical staff or between medical professionals as to the proper course of treatment for a medical condition do not give rise to a § 1983 claim. See Toguchi, 391 F.3d at 1058; Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

Plaintiff appears to allege that Drs. Ma, Anitov, and Mogadamm, are not properly diagnosing or treating his symptoms. Based on plaintiff's allegations and the attachments to the complaint, it appears that plaintiff does not agree with the course of treatment being provided. Plaintiff has alleged nothing more than a disagreement with medical officials regarding his treatment. Such allegations are not sufficient to state a claim under the Eighth Amendment. See Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (A difference of opinion between a prison-patient and prison medical authorities regarding treatment does not give rise to an Eighth Amendment claim under § 1983).

The court finds that plaintiff has failed to allege sufficient facts to state a claim against defendants Ma, Anitov, and Mogadamm.

**B. First Amendment – Mail Fraud**

Plaintiff alleges that his mail is being tampered with through the administrative appeals process. (ECF No. 26 at 4.)

Prisoners have "a First Amendment right to send and receive mail." Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995). However, an isolated incident of mail interference or tampering is usually insufficient to establish a constitutional violation. Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 2003); see also Crofton v. Roe, 170 F.3d 957, 961 (9th Cir. 1999) (temporary delay or isolated incident of delay of mail does not violate a prisoner's First Amendment rights).

Plaintiff has made conclusory statements that his mail has been tampered with. However, he has not alleged any facts connecting the tampering to any named defendant. Accordingly, plaintiff fails to state a claim for violation of his First Amendment rights to send and receive mail.

////

////

**C. Administrative Grievance Procedure**

Plaintiff has also alleged that his grievances have been rejected or reclassified. (ECF No. 26 at 4.)

Prisoners do not have an independent constitutional due process entitlement to a specific administrative grievance procedure. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) (holding that there is no protected liberty interest to a grievance procedure). Prison officials are not required under federal law to process inmate grievances in any specific way. Plaintiff's claims that officials reclassified or refused to process his grievances do not state a cognizable claim for a violation of his due process rights because there is no right to a particular grievance process or response. See, e.g., Towner v. Knowles, No. 2:08-cv-2823 LKK EFB P, 2009 WL 4281999, at *2 (E.D. Cal. Nov. 20, 2009) (plaintiff failed to state claims that would indicate a deprivation of his federal rights after defendant allegedly screened out his inmate appeals without any basis); Williams v. Cate, No. 1:09-cv-0468 OWW YNP PC, 2009 WL 3789597, at *6 (E.D. Cal. Nov. 10, 2009) ("Plaintiff has no protected liberty interest in the vindication of his administrative claims."). Plaintiff may not impose liability on a defendant simply because he played a role in processing plaintiff's inmate appeals. See Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (an administrative "grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment . . . . Thus, defendants' failure to process any of Buckley's grievances, without more, is not actionable under section 1983." (internal quotations omitted)).

Accordingly, to the extent plaintiff's allegations are based upon the way defendants responded to his grievances, it fails to state a claim upon which relief may be granted.

**D. Defendants Brown, Voong, and Hamilton**

The complaint does not contain any factual allegations against defendants Brown, Voong, and Hamilton. While plaintiff has named these individuals as defendants in this action he has not indicated in the body of the complaint how they violated his rights.

////

The Civil Rights Act (42 U.S.C. § 1983) requires that there be an actual connection or link between the actions of defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). To state a claim for relief under § 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

A plaintiff must clearly identify which defendants he feels are responsible for each violation of his constitutional rights and the factual basis. The complaint must put each defendant on notice of plaintiff's claims against him or her. See Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004). Although pro se pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519, 520 (1972), conclusory and vague allegations will not support a cause of action. Ivey v. Board of Regents of the Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). Even a liberal interpretation of a civil rights complaint may not support essential elements of the claim that were not initially pled. Id.

Plaintiff has failed to state a claim against defendants Brown, Voong, and Hamilton because the complaint does not contain any factual allegations regarding these defendants. To the extent plaintiff has named defendants who are involved in the appeal process, as set forth above, allegations that officials have not responded favorably to plaintiff's grievance do not state a claim under § 1983.

**IV.     Amending the Complaint**

As set out above, the first amended complaint fails to state a cognizable claim. However, the court will grant plaintiff one final opportunity to amend the complaint. Failure to cure the deficiencies identified in this order will result in a recommendation that the amended complaint be dismissed without leave to amend.

////

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo, 423 U.S. at 370-71. Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's action and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey, 673 F.2d at 268.

Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. If plaintiff wishes to add a claim, he must include it in the body of the complaint. The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

////

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely, and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

Plaintiff is informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, all prior pleadings are superseded. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

**CONCLUSION**

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's first amended complaint (ECF No. 26) is dismissed with leave to amend.
2. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint."
3. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: March 21, 2019

DLB:12
DLB:1/Orders/Prisoner.Civil.Rights/gard0741.scrn2

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE