UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELBERT RONDEL GARDNER,<br><br>Plaintiff,<br><br>v.<br><br>JERRY E. BROWN, et al.,<br><br>Defendants. | No. 2:18-cv-0741 MCE DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Presently before the court is plaintiff's motion for preliminary injunction (ECF No. 30) and his third request for an extension of time to file a first amended complaint pursuant to the court's order of March 22, 2019 (ECF No. 34). For the reasons set forth below, the court will recommend that plaintiff's motion for injunctive relief be denied and deny as moot his motion for an extension of time.

**MOTION FOR EXTENSION OF TIME**

By order dated March 21, 2019, the court screened and dismissed plaintiff's first amended complaint. (ECF No. 29.) Plaintiff requested and was granted two extensions of time to file an amended complaint. (ECF Nos. 30, 31, 32, 33.) Plaintiff then filed a third motion for an extension of time. (ECF No. 34.) However, before the court could address the motion, plaintiff filed a second amended complaint (ECF No. 35.) Accordingly, the court will deny as moot

plaintiff's motion for an extension of time. The court will screen the second amended complaint in a separate order.

## MOTION FOR INJUNCTIVE RELIEF

Included in plaintiff's motion for an extension of time was a request for a temporary restraining order. (ECF No. 30.) Plaintiff alleges he is going to be transferred because he received a rules violation for fighting even though he signed a document stating he did "not have any more issues with" the inmate he fought. (ECF No. 30 at 2.) Plaintiff states he believes he was retained in administrative segregation and will be transferred in retaliation for this litigation. He states he is requesting an order from the court to keep him "out of harms way and an emergency injunction to keep" him "from being blocked" in his pursuit of this suit. (ECF No. 30 at 3.)

**I.  Legal Standards**

A party requesting preliminary injunctive relief must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008). The propriety of a request for injunctive relief hinges on a significant threat of irreparable injury that must be imminent in nature. Caribbean Marine Serv. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988).

Alternatively, under the so-called sliding scale approach, as long as the plaintiff demonstrates the requisite likelihood of irreparable harm and can show that an injunction is in the public interest, a preliminary injunction may issue so long as serious questions going to the merits of the case are raised and the balance of hardships tips sharply in plaintiff's favor. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-36 (9th Cir. 2011) (concluding that the "serious questions" version of the sliding scale test for preliminary injunctions remains viable after Winter).

The principle purpose of preliminary injunctive relief is to preserve the court's power to render a meaningful decision after a trial on the merits. See 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2947 (3d ed. 2014). Implicit in this required showing is

that the relief awarded is only temporary and there will be a full hearing on the merits of the claims raised in the injunction when the action is brought to trial. Preliminary injunctive relief is not appropriate until the court finds that the plaintiff's complaint presents cognizable claims. See Zepeda v. United States Immigration Serv., 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claims . . . .").

In cases brought by prisoners involving conditions of confinement, any preliminary injunction must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2). Further, an injunction against individuals not parties to an action is strongly disfavored. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969) ("It is elementary that one is not bound by a judgment . . . resulting from litigation in which he is not designated as a party . . . .").[1]

Further, preliminary injunctive relief is not appropriate until the court finds that the plaintiff's complaint presents cognizable claims. See Zepeda v. United States Immigration Serv., 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; [however] it may not attempt to determine the rights of persons not before the court.").

**II.     Analysis**

To the extent plaintiff is requesting injunctive relief in order to prevent this action from being dismissed for failure to file an amended complaint, as stated above, his request for an extension of time will be granted. To the extent plaintiff seeks an order from this court

---

[1] However, the fact that injunctive relief is sought from one not a party to litigation does not automatically preclude the court from acting. The All Writs Act, 28 U.S.C. § 16519(a) permits the court to issue writs "necessary or appropriate in aid of their jurisdictions and agreeable to the usages and principles of law." The All Writs Act is meant to aid the court in the exercise and preservation of its jurisdiction. Plum Creek Lumber Co. v. Hutton, 608 F.2d 1283, 1289 (9th Cir. 1979). The United States Supreme Court has authorized the use of the All Writs Act in appropriate circumstances against persons or entities not a party to the underlying litigation. United States v. New York Telephone Co., 434 U.S. 159, 174 (1977).

preventing prison officials from transferring plaintiff to another institution, such a request should be denied. It is well settled that prisoners have no constitutional right to placement in any particular prison, to any particular security classification, or to any particular housing assignment. See Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Meachum v. Fano, 427 U.S. 215, 225 (1976); Montayne v. Haymes, 427 U.S. 236, 242 (1976). "'Prison administrators . . . should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.'" Whitley v. Albers, 475 U.S. 312, 321-22 (1986) (quoting Bell v. Wolfish, 441 U.S. 520, 547 (1979)). Plaintiff's speculative safety concerns are not sufficient to show that he is entitled to injunctive relief. See Van Buren v. Willard, No. 1:13-cv-1273 DLB PC, 2014 WL 2524392 at *2 (E.D. Cal. June 4, 2014) (denying injunctive relief to plaintiff with safety concerns regarding his placement on the yard with known enemies because his concern was speculative and did "not demonstrate he was facing real, immediate danger."). Accordingly, the court will recommend that plaintiff's motion be denied.

IT IS HEREBY ORDERED that plaintiff's motion for an extension of time (ECF No. 34) denied as moot.

IT IS HEREBY RECOMMENDED that plaintiff's motion for injunctive relief (ECF No. 30) be denied.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven days after service of the objections. The parties

////

////

////

are advised that failure to file objections within the specified time may result in a waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 24, 2019

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB:1/Orders/Prison/Civil.Rights/gard0741.36amc(2)+pi