| | |
|---|---|
| DELBERT RONDEL GARDNER, | No. 2:18-cv-0741 MCE DB P |
| Plaintiff, | |
| v. | ORDER |
| JERRY E. BROWN, et al., | |
| Defendants. | |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims defendants have failed to provide him with adequate medical treatment and have handled his administrative appeals improperly. For the reasons set forth below, the court will direct plaintiff to file an amended complaint.

**I.  Amended Complaints and Supplements**

By order dated March 21, 2019, the court screened and dismissed plaintiff's first amended complaint. (ECF No. 29.) The court found that the complaint failed to state a claim, notified plaintiff of the deficiencies in the complaint, and directed him to file an amended complaint. Thereafter, plaintiff filed a second amended complaint (ECF No. 35), two supplements to the second amended complaint (ECF Nos. 36, 41), and a third amended complaint (ECF No. 37). Plaintiff additionally filed a motion for ruling (ECF No. 39) and a request to issue subpoenas and summons to all defendants. (ECF No. 40.)

1

1     It appears from review of plaintiff's recent filings (ECF Nos. 35, 36, 37, 39, 41), that he
2 believes the documents taken as a whole show he has stated a claim.  However, Local Rule 220
3 requires that an amended complaint be complete in itself without reference to any prior pleading.
4 This requirement exists because, as a general rule, an amended complaint supersedes prior
5 versions of the complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Accordingly,
6 plaintiff will be directed to file an amended complaint that is complete.
7     Plaintiff further states that his claim will be evident if the court reviews his medical
8 records.  However, the court is not required to review exhibits to determine what plaintiff's
9 charging allegations are as to each named defendant.  Any claim plaintiff intends to state must be
10 included in the body of the complaint.  The charging allegations must be set forth in the amended
11 complaint so that defendants have fair notice of the claim(s) plaintiff is presenting.  That said,
12 plaintiff need not provide every detailed fact in support of his claims.  Rather, plaintiff should
13 provide a short, plain statement of each claim.  See Fed. R. Civ. P. 8(a).  Plaintiff is advised that
14 in an amended complaint he must clearly identify each defendant and the action that defendant
15 took that violated his constitutional rights.
16     In the amended complaint, plaintiff must demonstrate how the conditions about which he
17 complains resulted in a deprivation of his constitutional rights.  Rizzo v. Goode, 423 U.S. 362,
18 370-71 (1976).  Also, the complaint must allege in specific terms how each named defendant is
19 involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).  There can be
20 no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a
21 defendant's action and the claimed deprivation.  Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th
22 Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official participation in civil
23 rights violations are not sufficient."  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).
24     Plaintiff will be directed to file an amended complaint and he is instructed that the
25 amended complaint must be one complete document.  Plaintiff, may, but is not required to,
26 include exhibits attached to the complaint.  On screening all that is required is that plaintiff state
27 facts showing what actions each named defendant took that violated his rights.
28 ////

**II.     Motion for Ruling and Requests for Subpoenas and Summons**

In addition to the amended complaints and supplements, plaintiff also filed a motion titled "Motion to Enter into Judgement and Ruleing forthwith." (ECF No. 39.) In this motion he repeats his allegations regarding his medical treatment and his pursuit of various administrative appeals. He concludes by requesting that the court enter judgment in his favor.

As plaintiff has yet to file an amended complaint that states a potentially cognizable claim, the court cannot enter judgment in his favor. Accordingly, the court will deny his motion for ruling. The court will also deny plaintiff's request for subpoenas and summons. Because plaintiff has yet to state a cognizable claim, the court has not yet found service appropriate for any of the named defendants.

**CONCLUSION**

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's second (ECF No. 35) and third (ECF No. 37) amended complaints are dismissed with leave to amend.
2. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, the Local Rules of Practice, and this order. The amended complaint must bear the docket number assigned to this case and must be labeled "Fourth Amended Complaint."
3. Plaintiff's motion for ruling (ECF No. 39) is denied.
4. Plaintiff's request for subpoenas and summons (ECF No. 40) is denied.
5. Failure to comply with this order may result in a recommendation that this action be dismissed.

Dated:  June 5, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB:1/Orders/Prisoner.Civil.Rights/gard0741.var

3